Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER GONZALEZ, | ) Case No.: **'15 CV 2568 W    DHB** |
| | ) |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES, | ) |
| LLC; TRANS UNION LLC; SYSTEMATIC | ) |
| NATIONAL COLLECTIONS, INC.;and | ) |
| DOES 1 through 10, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## I. INTRODUCTION

1)      This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to 15 U.S.C. §1681 *et seq.* (Fair Credit Reporting Act "FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting; and against Defendant Systematic National

Collections, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  PARTIES

2)      Plaintiff JAVIER GONZALEZ is a natural person residing in the State of California, County of San Diego.

3)      Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") at all times relevant was a limited liability company doing business in San Diego County, California operating from an address at 1550 PEACHTREE STREET NW, H46, ATLANTA, GA 30309.  EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

4)      Defendant TRANS UNION LLC ("TRANS UNION") at all times relevant was a limited liability company doing business in San Diego County, California operating from an address at 555 W ADAMS ST., CHICAGO, IL 60661. TRANS UNION is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

5)      Defendant SYSTEMATIC NATIONAL COLLECTIONS, INC. ("SNC") at all times relevant was a corporation in the business of collecting debts in San Diego County, California operating from an address at 3608 Ocean Ranch Blvd, Vista, CA 92084. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

COMPLAINT AND DEMAND FOR JURY TRIAL

6)     The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names.  Plaintiffis informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7)     Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8)     The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9)     Venue in this District is proper in that the Defendants transact business here and the Plaintiff resides here.

### III.  FACTUAL ALLEGATIONS

10)    EQUIFAX and TRANS UNION (the "CRAs") are erroneously reporting multiple accounts on Plaintiff's credit file.

11)    SNC is reporting an alleged account to Plaintiff's EQUIFAX and TRANS UNION credit file of an amount owed of $513.

12)    The information SNC is reporting to the CRAs is false as Plaintiff never had an account with SNC and never authorized anyone to open an account with SNC and never had an account with its purported predecessor in interest.

13)    EQUIFAX is further reporting an alleged account under the Family Support Division for an amount past due of $18,583.

14)    The information EQUIFAX is reporting is false as Plaintiff does not owe child/family support and never had a child/family support obligation.

15)    Plaintiff disputed the false information with the CRAs in writing as he does not

1    owe on the accounts.

2        16)    SNC and the CRAs failed to conduct reasonable investigations into the disputes

3    alleged by Plaintiff and continued to report the inaccurate accounts on his credit file.

4        17)    The CRAs negligently produced consumer reports with respect to Plaintiff's

5    credit that contain the false information.

6        18)    The CRAs further negligently failed to maintain reasonable procedures designed

7    to avoid the reporting of the false information.

8        19)    As a result of Defendants' conduct, Plaintiff's credit worthiness has been

9    damaged.

10        20)    Plaintiff further suffered from frustration and emotional distress.

11                        **IV.  FIRST CLAIM FOR RELIEF**

12                **(Against All Defendants for Violations of the FCRA)**

13        21)    Plaintiff repeats, realleges and incorporates by reference all of the foregoing

14    paragraphs.

15        22)    The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow

16    reasonable procedures to assure maximum possible accuracy in the preparation of the credit

17    report and credit files it published and maintains concerning Plaintiff.

18        23)    The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information

19    in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to

20    conduct a lawful reinvestigation; by failing to forward all relevant information to SNC; and

21    by failing to maintain reasonable procedures with which to filter and verify disputed

22    information in the Plaintiff's credit file.

23        24)    SNC violated 15 U.S.C. §1681s-2(b) by furnishing the false information after

24    Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing

25    to review all relevant information regarding same; by failing to accurately respond to the

26    CRAs; and by failing to permanently and lawfully correct its own internal records to prevent

27    the re-reporting of the false information to the CRAs.

28        25)    The Defendants' unlawful conduct damaged Plaintiff as referenced above.

COMPLAINT AND DEMAND FOR JURY TRIAL

1    26)    The Defendants' unlawful conduct was willful.

2    27)    Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

3    28)    Plaintiff is further entitled to recover costs and attorneys' fees from the CRAs

4    pursuant to 15 U.S.C. §§1681n and/or 1681o.

## V.    SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

7    29)    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing

8    paragraphs.

9    30)    Defendants violated the CCRAA, by including but not limited to, the following:

10    (a)    The CRAs violated California Civil Code §1785.14(b) by failing to follow

11         reasonable procedures to assure maximum possible accuracy of the

12         information concerning Plaintiff;

13    (b)    The CRAs violated California Civil Code §1785.16 by failing to conduct

14         a reasonable reinvestigation to determine whether the disputed

15         information is inaccurate and record the current status of the disputed

16         information, or delete the item from the file;

17    (c)    SNC violated California Civil Code §1785.25(a) by furnishing

18         information on a specific transaction or experience to a consumer credit

19         reporting agency that the Defendants knew or should have known was

20         incomplete or inaccurate; and

21    (d)    SNC violated California Civil Code §1785.25(g) by failing to maintain

22         reasonable procedures to comply with the CCRAA.

23    31)    Defendants' acts as described above were done negligently and/or intentionally

24    with the purpose of coercing Plaintiff to pay the alleged debt.

25    32)    As a proximate result of Defendants' violations enumerated above, Plaintiff

26    has been damaged in amounts which are subject to proof.

27    33)    Defendants' violations were willful and knowing.  Defendants are therefore

28    liable to Plaintiff for Plaintiff's actual damages, statutory damages,and attorney's fees and

1  costs pursuant to California Civil Code §1785.31.

## VI.  THIRD CLAIM FOR RELIEF

### (As against Defendant SNC for Violation of the FDCPA)

34)  Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

35)  Defendant SNC violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a)  The Defendant SNC violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(b)  The Defendant SNC violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(c)  The Defendant SNC violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

(d)  The Defendant SNC violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

36)  As a result of the above violations of the FDCPA, Defendant SNC is liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

//
//
//
//
//
//

COMPLAINT AND DEMAND FOR JURY TRIAL

1

2

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

3          (a)     Actual damages;

4          (b)     Punitive damages;

5          (c)     Statutory damages;

6          (d)     Costs and reasonable attorney's fees; and

7          (e)     For such other and further relief as the Court may deem just and proper

8                  including but not limited to an order to correct the inaccurate credit

9                  information.

10

11   Date: November 16, 2015          __s/Jeremy S. Golden_____

12                                    Jeremy S. Golden
                                      Attorney for Plaintiff

13

14

                            **DEMAND FOR JURY TRIAL**

15   Please take notice that Plaintiff demands trial by jury in this action.

16

17

18   Date: November 16, 2015          __s/Jeremy S. Golden_____

19                                    Jeremy S. Golden
                                      Attorney for Plaintiff

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL